OPINION OF THE COURT
Charles R. Newman, J.
A writ of habeas corpus having been issued pursuant to Honorable James B. Kane’s direction on the 25th day of August, 1983, returnable at a term of Supreme Court held in and for the County of Wyoming on the 12th day of October, 1983, and a return sworn to on the 6th day of October, 1983, having been filed by the respondents herein, and the matter having come on to be heard before me, and due deliberation having been had, the following decision is rendered.
This habeas corpus proceeding was commenced to challenge the legality of the petitioner’s confinement in the Special Housing Unit (SHU) at the Attica Correctional Facility. It appears that a hearing was held on August 17 and 20,1983, on two separate misbehavior reports filed on August 16, 1983. As a result of this hearing, dispositions were imposed whereby Mr. McBayne is to be confined to SHU from September 23,1983 through March 21,1984. It *200 is contended that these dispositions must be vacated because the inmate was not allowed to be present when his witnesses were called and due to the hearing officer’s reliance upon the misbehavior reports to sustain the charges.
In 1974, the United States Supreme Court recognized that “the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.” (See Wolff v McDonnell, 418 US 539, 566.) The court stated that “Ordinarily, the right to present evidence is basic to a fair hearing” (p 566) but noted that this right was not unrestricted due to potential disruption and interference “with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution.” (418 US, at p 566; emphasis added.) The court recognized that prison officials should be afforded some flexibility and discretion “to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence” (418 US, at p 566; emphasis added). The court noted that reasons for refusing to call a witness include “irrelevance, lack of necessity, or the hazards presented in individual cases” (418 US, at p 566; emphasis added). Therefore, it would appear that the court contemplated that as a general rule inmates should be allowed to call witnesses and that this right could be limited on the basis of specific problems presented by the request for a particular witness.
The regulations of the Department of Correctional Services have acknowledged the right to call witnesses since May 14, 1980 (see 7 NYCRR 253.4 [b] [1], eff May 14, 1980). That provision was replaced by 7 NYCRR 254.5 on June 15, 1983. The new regulation continues the right to call witnesses and further provides that “If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented”. (7 NYCRR 254.5 [a].)
*201 At the Attica Correctional Facility, disciplinary hearings are conducted in SHU. Prison officials feel that the presence of more than one inmate at a time in this area poses a threat to security. Therefore, if an inmate requests that another inmate be called as a witness, he will be routinely denied the right to be present on this ground. This policy is not only applied to occupants of SHU, who may be locked there without a finding of misconduct, but to members of the general population. As a result, the general rule, announced in Wolff (supra) has been so restricted as to be almost nonexistent. In the disciplinary hearings reviewed by this court to date, it has been in the extremely rare case that an inmate accused of misconduct has been allowed to be present when his witness gave testimony.
In light of current regulations and the opinion in Wolff (supra) this court believes that an inmate need not be present if a particular witness poses a security threat. An inmate accused of an assault may be prohibited from calling his victim. A witness of a particularly violent disposition may be interviewed in isolation. Other specific reasons may justify similar restrictions in a particular case.
In the instant proceeding, Mr. McBayne was informed: “I’m going to tell you that this proceedings is going to be run. Number 1, so we can knock all of this out of the way, you will not be present, when your witness is testifying. You will remain in handcuffed behind your back. Your witness will be handcuffed. Cause those are the procedures in SHU. Those procedures will not be altered in any manner” and that “Do [sic] to the location of the SHU and the limited staff, we won’t allow two inmates out at one time”. The written reason cited the same general policy considerations. This violates the procedural rights that are established by Wolff (supra) and applicable regulations.
It also appears that the hearing officer relied upon the accusatory instruments as the sole support for essential allegations of each charge. This procedure was also defective (see Matter of Jones v Smith, 120 Misc 2d 445, 450-451).
Therefore, the superintendent’s hearing held on August 17 and 20, 1983, is hereby vacated and set aside. Any *202 reference to this proceeding and the underlying misbehavior reports are to be expunged from institutional records. The petitioner is to be released from SHU unless further incarceration there is justified by some independent reason. He is to receive credit for any good time lost in reliance upon this hearing.